# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

| | |
|---|---|
| KELVIN M. LEROY, * | |
| Petitioner, * | |
| vs. * | CASE NO. 1:07-CR-00006 WLS |
| | 28 U.S.C. § 2255 |
| | CASE NO. 1:08-CV-90008 WLS |
| UNITED STATES OF AMERICA, * | |
| Respondent. * | |

## REPORT AND RECOMMENDATION

Petitioner's Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255 is before this court for preliminary consideration as required by Rule 4 of the Rules Governing Section 2255 Proceedings For The United States District Courts.

Indictment was returned in this Court on March 15, 2007 (D-10), charging Defendant Kelvin M. Leroy with Armed Bank Robbery as Count I, Possession of a Firearm During the Commission of a Crime of Violence as Count II (to wit., the Bank Robbery), Armed CarJacking as Count III, and Possession of a Firearm During the Commission of a Crime of Violence (to wit., the Carjacking) as Count IV.

On June 4, 2007, Petitioner Leroy entered into a Plea Agreement with the Government wherein his agreed to enter pleas of guilty to Counts I and II of the Indictment for certain considerations from the Government. (D-20). Petitioner Leroy also stipulated at Section 7 of his Plea Agreement as to the facts of his commission of the criminal offenses involved in this prosecution. (Id. at 9, 10). The Court sentenced Petitioner on October 16, 2007, to a

term of incarceration of 181 months, after the Pre-Sentence Investigation report had established the U.S. Sentencing Guideline range for Count I to be 78 to 97 months and 84 months consecutive for Count II.[1] (PSI at 14). The advisory guideline range was therefore established at 162 to 181. The court's sentence of 181 months was within the advisory guideline sentence range.

Additionally, Petitioner Leroy waived his right to appeal his sentence to any court or seek collateral review of his sentence, such as he is doing now, provided that the District Court did not exceed the advisory guideline sentence range. (Id. at Section 3(H), page 4). Nonetheless, on March 6, 2008, Petitioner Leroy filed a Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C. § 2255 seeking a reduction in his 15 year sentence to a sentence of 8 years.

As **Ground One** of his Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C. § 2255 (D-30 at 5), Petitioner calls for the "Dismissal of Indictment, Indictment Defective On Its Face." He elaborates as follows:

> Case Number 1:07-CR-6-WLS as an Indictment did to go before a Grand Jury. Plus not signed by a Foreperson of the Grand Jury. This Indictment is not signed by a Grand Jury Foreperson and therefore have not been before a Grand Jury.
> Therefore, the Four Count Indictment is not valid and this Court lacks subject matter jurisdiction as no crime have been charged. Violation the Fifth & Sixth Amendment to the United States Constitution as no crime was ever charged.

---

[1] The Firearm offense charged in Count II of the Indictment pursuant to 18 U.S.C. § 924(c)(1)(A)(ii) and (D)(ii) provides for a mandatorily consecutive sentence of 7 years for brandishing a firearm in the commission of a crime of violence.

Petitioner's Ground One is without merit. The Record shows that an Indictment was returned in this Court and filed on March 16, 2007 (D-10), albeit with the signature of the Foreperson redacted by law to protect the Foreperson of the Grand Jury and the Grand Jurors who may have been involved. Nonetheless, on the same date, the Indictment with the Foreperson's signature was returned, sealed, and filed in this Court. (D-11). Each Count of the Indictment charges the violation of a valid criminal statute. There is no merit in Petitioner's claims of an invalid Indictment.

In his **Ground Two,** Petitioner Leroy charges "Duplicity and Multiplicity Charging Two Distinct Offences in the Same Count." (D-39 at 6). He elaborates as follows:

> Petitioner was charged with "Possession of a Firearm During The Commission of a Crime of Violence," Count Two. Count One, "Armed Bank Robbery." Bank Robbery to wit: "Knowingly used & brandished a had gun (Firearm), in violation of Title 18.

Petitioner goes on to allude to the Possession of a Firearm during the commission of a crime of violence as to Count IV of the Indictment. However, Counts Three and Four were dismissed upon the Government motion upon his guilty plea to Counts I and II (D-26 at 1), and are of no concern here.

Petitioner complaints of duplicity and multiplicity are in conflict with the statutes proscribing these offenses. Armed Bank Robbery, 18 U.S.C. § 2113(a) and (d) provides:

> (a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, . . . any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association: . . .

3

> Shall be fined under this title or imprisoned not less than twenty years, or both.
>
> (d) Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or devise, shall be fined under this title or imprisoned not more than twenty-five years, or both.

The statutory provisions do not prohibit consecutive sentencing for the violation of each code section or subsection. So a sentence of 50 years was feasible under the statute. However, the U.S. Sentencing Guideline provision applicable to this case provided a considerably lesser punishment. Under United Sentencing Guideline § 2B3.1, applicable to the Bank Robbery Offense with property taken, as charged, a base offense level of 22 and an additional point was assigned for the theft of the amount of $47,206.00 pursuant to U.S.S.G. § 2kB3.1 and an assignment of an additional 2 point enhancement was made for the specific characteristic of placing persons at reckless risk of death or serious bodily injury in the course of fleeing from law enforcement officers, for an Adjusted subtotal Offense Level of 25.

The statutory offense of Carjacking in violation of 18 U.S.C. § 2119(1) carries a statutory penalty of 15 years with consideration for specific characteristics. Petitioner Leroy admitted to authorities that he had committed the carjacking offense on November 9, 2006, of a vehicle belonging to one Wendell Holmes at the Heritage Bank ATM on Doftus Drive in Albany, Georgia, by pointing a gun at Holmes head and demanding his truck. Holmes complied, leaving a second Firearm in the vehicle, which was not found in the vehicle nor

4

recovered form Petitioner Leroy. See PSI ¶ 65. No enhancement was charged for the second gun in the carjacked vehicle, and as noted in the PSI, there was no effect on the guideline calculations. The brandishing his own firearm when demanding the car from its owner did work an enhancement of five points in addition to the offense level of 22 points for the car jacking offense prohibited by "18 U.S.C. § 2119(1) and U.S.S.G. § 2B3(b)(5) for a total adjusted offense level subtotal of 27. (See PSI ¶¶ 29-35.) Grouping of the offenses which petitioner admitted in his Plea Agreement, and those to which he stipulated in his Plea Agreement, resulted in a Combined Adjusted Offense Level of 29, (PSI ¶ ¶ 36-40). However, Petitioner Leroy was given 3 points credit for Acceptance of Responsibility under U.S.S.G. § 3E1.1(a) which reduced his Total Offense Level to 26. That level combined with his Criminal History Computation of III (See PSI ¶ ¶ 51-63), resulted in his advisory guideline sentencing range of 78 to181 months imprisonment. (PSI ¶ 90). It can readily be seen that Petitioner's complaints of duplicity and multiplicity, even if true, had no effect on his advisory guideline sentencing range at all. His claims is without basis and would not have resulted in any change in his guideline range in any event.

Petitioner's **Ground Three** is a complaint about the information contained in the PSI relative to Petitioner's Offender Characteristics which includes family and marital status, education, employment, skills, and financial information, all of which was derived directly from the Petitioner in a pre-sentence interview in conjunction with the preparation of the PSI. (See PSI ¶ ¶ 70 - 88). Petitioner complains that this information in incorrect. However, it was all furnished by himself or his parents and has nothing effect upon Petitioner's advisory

5

sentence range for the offense conduct and level whatsoever. This type information may be relevant to a death penalty case, but has only curiosity value in lesser felony cases such as Petitioner's. This Ground is frivolous.

Petitioner Leroy's **Ground Four** claims "Conviction obtained by a Plea of Guilty which was unlawfully induced and not made voluntarily or with the understanding of the nature of the charges and consequences. He states further that:

> Petitioner did not understand the Plea, nor did petitioner understand the counts of the Indictment charging two or more Possession of a Firearm when in fact no firearm was ever in evidence; plus no firearm was taken from a car; no firearm was used or brandished by the petitioner ; or (sic?) Petitioner's sentences (7&8) years, used as an enhancement at two sentences, when only one count as a fact, only one sentence.

First, Petitioner entered into and signed his Plea Agreement, initialed each page, in the presence of his counsel, acknowledging that he understood all of its contents. (See D-20). IN ¶ 2 at 2, Petitioner states, "Defendant knowingly and waives defendant's right to plead not guilty and to proceed to trial." In ¶ 3, he states:

> Defendant is guilty and will knowing and voluntarily enter a plea of guilty to Counts One and Two of the indictment which charge defendant with armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d) and Possession of a Firearm during a crime of violence in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii). . . . The defendant fully understands that defendant's plea of guilty as set forth in Subparagraph (A), above, will subject defendant as to Count One to twenty-five (25) years of imprisonment, . . . and as to Count Two to a minimum mandatory consecutive seven (7) years imprisonment up to a maximum of life imprisonment . . . .

While Plaintiff was sworn, and after a full Rule 11 discussion with Judge Sands as to

6

Counts I and II, on June 1, 2008 (D-19), the AUSA read the Indictment to Petitioner Leroy, who acknowledge that he understood that charges, and advised him of the possible penalties of 25 years to Life, which Petitioner acknowledge that he understood. Petition's stipulation of the facts from his Plea Agreement were then read before the Court, and Petitioner acknowledged the same as true and the factual basis for his plea. He then stated to the court that the plea he offered was freely, voluntarily, and knowingly offered. In the face of these fact and conditions, Petitioner's Ground Four contention loses credibility and becomes a fraud upon the court.

Petitioner's statutory range of 25 to Life was generously reduced after consideration of the advisory guidelines sentencing range by Judge Sands who pronounced a 15 year sentence, a considerable downward departure from the maximum statutory penalties. Petitioner has shown no constitutional violations of his rights in this process, nor has he show any cause to Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255.

**WHEREFORE, IT IS RECOMMENDED** that Petition Leroy's Motion be DENIED. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 11th day of March 2008.

                                              S/ G. MALLON FAIRCLOTH
                                              UNITED STATES MAGISTRATE JUDGE